SADLER, C. J., absent from state and not participating.

261 P.2d 131

**STATE ex rel. MAGEE v. WILLIAMS.**
No. 5664.

Supreme Court of New Mexico.
Sept. 10, 1953.
Motion to Clarify Opinion Denied
Oct. 7, 1953.

J. B. Newell, Las Cruces, for appellant.

Quincy D. Adams, James H. Foley, Albuquerque, for appellee.

LUJAN, Justice.

The parties will be referred to as relator and respondent as they appeared in the lower court. On July 31, 1952, W. E. Magee, relator, as a private person, on his own behalf, and in the name of the State of New Mexico, brought suit in quo warranto, pursuant to Section 26–204 of 1941 Compilation against Thomas B. Williams, respondent, to oust him from the office of Mayor of the City of Truth or Consequences, Sierra County, New Mexico.

The controlling constitutional provisions as to the residence of a city official are Section 2, Article 7 and Section 13 of Article 5, New Mexico Constitution, which read:

"§ 2. Every citizen of the United States who is a legal resident of the state and is a qualified elector therein, shall be qualified to hold any public office in the state except as otherwise provided in this constitution. The right to hold public office in the state of New Mexico shall not be denied or abridged on account of sex, and wherever the masculine gender is used in this constitution, in defining the qualifications for specific offices, it shall be construed to include the feminine gender. Provided, however, that the payment of public road poll tax, school poll tax or service on juries shall not be made a prerequisite to the right of a female to vote or hold office.

"§ 13. All district, county, precinct and municipal officers, shall be residents of the political subdivisions for which they are elected or appointed."

Relator, among other things, alleged that he had asked the District Attorney for that district to institute this action but that he refused so to do; that on April 1, 1952, the respondent was not an elector nor did he reside within the corporate limits of Truth or Consequences, hereinafter referred to as the "City;" that respondent is now unlawfully holding the office of Mayor of said City and should be removed therefrom; that the certificate of election for that office should not have been issued to him; and that the issuance thereof was improper and illegal. He prayed that the certificate be cancelled and respondent be ousted therefrom.

Respondent made a general denial of the allegations set forth in the complaint and by separate defenses alleged that he is the duly elected and qualified mayor of the

City of Truth or Consequences, New Mexico, and was duly issued a certificate of election, under which he holds title to said office, and is now in possession of and performing the functions thereof; that no other person than himself has qualified or attempted to qualify to assume the duties of said office, except one Leo Smith, who in cause numbered 4862 in the district court of Sierra County, New Mexico, entitled "State of New Mexico, ex rel. Leo Smith, Relator v. Thomas B. Williams, Respondent," claimed to have been duly elected to said office at said election of April 1, 1952, and sought by quo warranto proceedings to oust respondent therefrom and to have himself installed in said office, but said cause was, by a final judgment therein of the 20th day of June, 1952, dismissed, from which judgment no appeal has been taken. That there is no other person who claims or has claimed to be entitled to hold said office if respondent should be ousted therefrom, and no person other than respondent has qualified or attempted to qualify for said office.

Upon the issues so framed the case was tried to the court who resolved the issues in favor of the respondent and relator appeals.

The court found:

"1. Respondent, T. B. Williams, was a candidate for the office of mayor of the city of Truth or Consequences, New Mexico, and was duly elected to said office at an election held on April 1, 1952, and thereafter has acted as mayor and is now acting as mayor of said city under a certificate of election issued by the clerk of said city on April 4, 1952.

"2. At and prior to the election of April 1, 1952, respondent, T. B. Williams, was the duly elected, qualified and acting mayor of said city of Truth or Consequences, New Mexico.

"3. Respondent, T. B. Williams, at the time of the election held on April 1, 1952, was and is now, and at all material times herein, has been a qualified elector, a property owner and a resident of the city of Truth or Consequences, New Mexico.

"4. At and prior to said election and at all other times material herein, respondent, T. B. Williams, was a resident of the city of Truth or Consequences, and of the State *(of)* New Mexico."

The court concluded as a matter of law that:

"1. Respondent, T. B. Williams, at all material times herein, has been and is a resident of the city of Truth or Consequences, New Mexico.

"2. Respondent, T. B. Williams, is the duly qualified and acting mayor of the city of Truth or Consequences, New Mexico, by reason of an election certificate issued to him on April 4,

1952, by the clerk of said city to the duly elected and qualified candidate of an election held on April 1, 1952, in said city.

"3. Respondent is and has been at all material times herein, duly qualified to hold said office of mayor of the city of Truth or Consequences, New Mexico.

"4. This court is without the power to oust respondent, T. B. Williams, from the office of mayor of the city of Truth or Consequences, New Mexico, so long as another person has *(not)* qualified for said office.

"5. Under the constitution and laws of the State of New Mexico, respondent, T. B. Williams, is qualified in all respects to hold the office of mayor of the city of Truth or Consequences, New Mexico."

All errors are argued under three points which challenge the findings of fact and conclusions of law hereinabove cited, as well as claimed error in the court's refusal to adopted requested findings of fact and conclusions of law and in entering judgment for respondent. Under the well established rule in this jurisdiction, it must be borne in mind, that we will view the evidence in an aspect most favorable to the judgment. Sands v. Sands, 48 N.M. 458, 152 P.2d 399; McDonald v. Polansky, 48 N.M 518, 153 P.2d 670; Brown v. Cobb, 53 N.M. 169, 204 P.2d 264; Davis v. Campbell, 52 N.M. 272, 197 P.2d 430; Southern Union Gas Co. v. Cantrell, 56 N. M. 184, 241 P.2d 1209. That in reviewing the evidence on appeal, all conflicts must be resolved in favor of the successful party and all reasonable inferences indulged in to support the judgment and all evidence and inferences to the contrary will be disregarded. Dickerson v. Montoya, 44 N. M. 207, 100 P.2d 904; City of Roswell v. Hall, 45 N.M. 116, 112 P.2d 505; Williams v. Engler, 46 N.M. 454, 131 P.2d 267; Sundt v. Tobin Quarries, Inc., 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586; Bounds v. Carner, 53 N.M. 234, 205 P.2d 216; Reid v. Brown, 56 N.M. 65, 240 P.2d 213; Little v. Johnson, 56 N.M. 232, 242 P.2d 1000. And if the findings thus found are supported by substantial evidence they will be sustained on appeal. In re White's Estate, 41 N.M. 631, 73 P.2d 316; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900; Flippo v. Martin, 52 N.M. 402, 200 P.2d 366; Staley v. New, 56 N.M. 756, 250 P.2d 893.

It will be observed that the above sections of the constitution, hereinabove referred to, fix no time that one must occupy a place or home in order to become a resident of a certain city, town or village when not coming from without the state. In the present case the respondent was a resident of this state, and had been for many years, prior to the election.

To interpret the sense in which such a term "reside" is used, we should look to the object or purpose of the statute in which the term is employed. A man can have only one place of residence for voting purposes and certain other purposes, but there is no reason, why, within the meaning of the above sections of the constitution, he may not have more than one place to reside in. A man may have a city home, ranch home, summer home, as respondent in the case at bar had, and also a place of permanent abode.

Over against the evidence produced by the relator, the respondent showed as proof of his legal residence in the City that he had been a practicing physician therein from the year 1935 up and until the present time, with the exception of four years in the armed services of the United States, which was from 1942 to 1946; that when he first came to the City he purchased a ranch south thereof and rented a house on Broadway Street and spent a part time in each place; that this ranch is the same place as the house on the hill in Williamsburg about which relator's witnesses had testified; that about 1937 he built an office and home in the City and lived therein for several years; that he first registered to vote in 1936 in the City, Precinct No. 6, Box C; that he has never registered at any other place; that, with the exception of part of 1948 and 1949, he has at all times since 1935 maintained living quarters within the boundaries of the City; that while he was in the Army his wife had living quarters in the City; that for a period of about twelve years, he maintained a house in the City, at the ranch and at Kingston; that he always maintained an office wherever he had a house; that it was his intention from the time he came to the City until today to maintain his permanent residence in the City; that during the time he lived out on the ranch at Williamsburg, it was always his intention to return to the City as of January 1, 1950; that when he did go to his ranch to stay a while, it was always his intention to return to the City; that during the period from 1935 up to the present time he has held the office of mayor of the City four times and chief of staff of the hospital for a period of two years; that he was mayor of the City from 1940 to 1944 and from April of 1950 to the present time; that from January 10, 1950, up to April 1, 1952 he maintained two different places where he had living quarters, one at 300 Main Street; that during the period from January 10, 1950 to date he and his wife spent about two-thirds of their time at this address; that when he registered for selective service he registered from the City; that he voted in the 1950 election in the City and also for the City election for city offices on April 1, 1952; that he has owned real estate in the City for fifteen or sixteen years; that he has

recently purchased property at 722 Austin Street, which he is remodeling into a residence without any office attached.

■■ In case of doubt as to a voter's residence, it is resolved in favor of the permanency of residence in the precinct where he casts his ballot. 29 C.J.S., Elections, § 19, p. 39. Residence is made up of fact and intention. There must be the fact of abode and the intention of remaining.

The respondent raises some very interesting questions of law under his assignments of error but we refrain from expressing an opinion thereon in view of the disposition made of this case on a factual situation.

■ We have painstakingly examined the record and conclude that the findings are supported by substantial evidence. Hence the facts found are the facts upon which the case is decided.

Finding no reversible error, the judgment is affirmed and it is so ordered.

McGHEE, COMPTON and SEYMOUR, JJ., concur.

SADLER, C. J., absent from state and not participating.