325 P.2d 709

**Adolph SOENS, Appellee,**

v.

**Harry W. RIGGLE or H. W. Riggle and Nellie Mae Riggle, Appellants.**

**No. 6290.**

Supreme Court of New Mexico.

May 14, 1958.

122

Emigh & Emigh, Durango, Colo., Gilbert, White & Gilbert, Santa Fe, for appellants.

Bentley M. McMullin, Denver, Colo., Simms, Modrall, Seymour, Sperling & Roehl, Albuquerque, for appellee.

COMPTON, Justice.

Appellee, plaintiff below, brought this action to quiet title to an undivided one-half interest in oil, gas, and other minerals in certain lands in Rio Arriba County. Appellants contested and counterclaimed for an interest in minerals standing in the record name of appellee. From a judgment quieting title in appellee, appellants bring their appeal.

In July, 1931, the parties entered into a written contract by the terms of which appellee Soens was to purchase undivided one-half interests in oil, gas, and other minerals in Rio Arriba County. The interests so acquired were to be taken and held by appellee in his own name as trustee. It was alleged, and the court below so found, that due to difficulties arising between them that in 1933 appellant Harry W. Riggle, acting for himself and as attorney-in-fact for appellant Nellie Mae Riggle, made and delivered to Soens a written assignment and transfer of their interests in the minerals previously acquired by appellee, including the minerals involved in this action. This latter document, the assignment, was found by the court to have been lost.

The first question confronting us is whether the findings of the court are supported by substantial evidence. In this respect we will first discuss the evidence briefly as it relates to appellant Harry W.

Riggle. The parties agree that appellee Soens was to purchase in his own name and hold as trustee the properties involved in this action. Testimony was introduced that the appellee advanced about $2,500 to Riggle for expenses and in making down payments on mineral interests purchased by him. On Riggle's refusal to make reimbursement for these funds, an accounting was demanded by appellee. There was evidence that Riggle had disposed of some mineral interests for at least $3,000 for which he had not accounted. After heated argument in which Soens accused Riggle of being a crook, liar and swindler, Soens demanded that Riggle transfer to him all of the Riggle interests in the minerals. The transaction was to include the transfer of Riggle's stock in the Governador Oil Corporation as well. An assignment of the Riggle interests was prepared in the office of Ben Russel, an attorney of Durango, Colorado, and it was signed in the presence of the attorney and one Harry Phillips, a well driller, both of whom had died prior to the trial. The assignment was then taken by Soens to the office of Alonzo Emigh, of Durrango, who at that time was attorney for Soens, and who died in 1937. From this point the document was lost.

Riggle himself testified as follows:

"Q. Didn't Mr. Soens take you to the offices of Attorney Hatfield that day—Mr. Russell, I'm sorry, Ben Russell? A. I don't know where the office was. It was upstairs in some building. He didn't take me; I went with Mr. McCabe.

"Q. Mr. Soens had the paper already prepared for your signature? A. That's right.

"Q. You didn't read them; you just signed under duress? A. I signed."

Riggle denied signing over the oil company stock but the witness Rose Shock, formerly Rose Giacomelli, at whose home appellant lived in 1933, testified to a conversation she had with him, as follows:

"A. * * * But for my own interest I was wondering if this certificate was of any value any more, and I thought, what happened at Governador, is it completely sewed up or words to that effect, and he says—

"Q. You asked him that question? A. Yes.

"Q. All right. A. For my own interests, and he says, 'Well, as far as I am concerned, it is,' and I says, 'Well, what do you mean by that?' 'Well,' he says, 'I have turned all my interests, all my interests, over to Soens,' and I says, 'What Soens,' and he says, 'Adolph Soens. * * *'"

Further, the witness Perkins, also an attorney of Durango, Colorado, saw Riggle at Portland, Oregon, in August, 1956, and his testimony is as follows:

"Q. And what did you say to him (Riggle)? A. I said, 'Do you recall the time in 1931 in Rio Arriba County acquiring lands and mineral acreage with Adolph Soens?'

"Q. And what did he say in reply to that? A. He said, 'I don't know why you should bother me with that, for I assigned them everything.'"

■ Appellants challenge the sufficiency of this evidence to establish the lost instrument, the assignment. The challenge must be overruled. While the proof of a lost instrument and its contents must be clear and convincing, we think the proof is ample. Keil v. Wilson, 47 N.M. 43, 133 P.2d 705, 707, 148 A.L.R. 397. In the cited case, we said:

"The Supreme Court resolves all disputed facts in favor of appellee and views evidence in the aspect most favorable to him. * * *

"A plurality of witnesses is not required in support of the execution and contents of a lost instrument, and the evidence of a single witness, unless otherwise provided by statute, may be sufficient. * * *

"The principle that evidence required to establish a lost instrument and its contents must be clear and positive or clear and satisfactory, is not applied with equal vigor in every case. * *"

We think there was substantial evidence to support the findings of the court and the conclusion based thereon.

■ Now as to Mrs. Riggle, she makes the contention that the assignment was unauthorized; hence void. We are not impressed with her contention. Personally, and acting under the same powers-of-attorney, her husband had conveyed other properties owned by them about the same time. We think the powers so conferred upon the husband, authorized him to convey her interests. Section 57-2-7, N.M.S.A., 1953 Comp. Further, there is evidence that she was aware of the business conducted by her husband in her behalf and assented thereto. As late as 1943, when she divorced him, the records in that action disclose that she made no claim to a community interest in the minerals in question.

■ Appellants further complain that the alleged assignment if made at all, was made under duress and without consideration. While there was some testimony as to possible duress, no affirmative defense was made of it in the pleadings nor was a ruling of the court invoked thereon; hence, these questions have not been preserved for review. Section 21-2-1 (20), N.M.S.A., 1953 Comp., Supreme Court Rule 20.

We have given careful consideration to other points relied on for a reversal. These are found to be either resolved by the conclusion announced or deemed without merit.

The judgment will be affirmed. It is so ordered.

LUJAN, C. J., McGHEE, J., and GARNETT R. BURKS, District Judge, concur.

SADLER and SHILLINGLAW, JJ., not participating.