364 P.2d 358

**ENTERTAINMENT CORPORATION OF AMERICA, a corporation, Plaintiff-Appellee,**

**v.**

**Carl HALBERG, d/b/a Tri-C Theatre, Defendant-Appellant.**

No. 6836.

Supreme Court of New Mexico.

Aug. 10, 1961.

Stuart Hines, Albuquerque, for appellant.

Dale B. Dilts, Albuquerque, for appellee.

CARMODY, Justice.

This case arises out of certain arrangements made between the parties as to radio and television advertising.

Plaintiff-appellee sued for amounts claimed due under a written contract, and the defendant counterclaimed on the basis of a prior unsigned contract and alleged oral agreements in connection with both contracts.

The trial court's judgment for the plaintiff is attacked principally upon the basis that the evidence supports the defendant's position. The court found that the written contract had been performed by the plaintiff, and that the unsigned contract had been fully performed by both parties. In addition, finding number 6 is as follows:

"6. That the Plaintiff, by and through its agent Russell Strong, in an oral agreement, distinct and separate from either of the written agreements mentioned above, agreed to use the best efforts of the Plaintiff to obtain screen ads in an undetermined number for and on behalf of the Defendant; that the Plaintiff fully performed this oral agreement."

Defendant claims that the oral agreement to sell screen ads was part and parcel of the advertising contracts—this in direct conflict with the above finding. In so doing, defendant violates Supreme Court Rule 15, subd. 6, in that he relies on facts contrary to those found by the trial court, and makes reference, almost exclusively, only to evidence favorable to his contentions.

 We have announced, time after time, that the findings of fact of the trial court are the findings upon which the case must rest. Totah Drilling Company v. Abraham, 1958, 64 N.M. 380, 328 P.2d 1083, and cases cited therein. If the findings are supported by substantial evidence, they will be sustained on appeal. State ex rel. Magee v. Williams, 1953, 57 N.M. 588, 261 P.2d 131; Hyde v. Anderson, 1961, 68 N.M. 50, 358 P.2d 619; and Brown v. Martinez, 1961, 68 N.M. 271, 361 P.2d 152.

 We have examined the transcript sufficiently to be satisfied that the proof submitted by the plaintiff substantially sustains the findings of the trial court. The only evidence to the contrary was given by the defendant himself, the trial court resolved the conflict and we will not disturb this determination. Jensen v. Allen, 1958, 63 N.M. 407, 320 P.2d 1016; and Viramontes v. Fox, 1959, 65 N.M. 275, 335 P.2d 1071.

Defendant also urges that the proper parties are not before the court, seemingly on the theory that the defendant was a corporation, not the individual Carl Halberg, d/b/a Tri-C Theatre. However, the contract fails to disclose any corporate identity, and the burden is on the defendant to show that the question was ruled upon by the trial court. See, Supreme Court Rule 20, subd. 1. This he failed to do, and neither is there a proper showing in the record of the existence of a corporation as claimed by the defendant which would warrant disturbing the finding of individual responsibility. Insofar as the defendant's maintaining that the plaintiff is not a proper party, it should suffice to say that the contract was entered into between the advertiser and "Ideas Unlimited, a division of the Entertainment Corporation of America." Also, this is a question which the defendant raises for the first time on appeal, and we will not consider it. Supreme Court Rule 20, subd. 1, and Soens v. Riggle, 1958, 64 N.M. 121, 325 P.2d 709.

There is no error and the case will be affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.

CHAVEZ and NOBLE, JJ., not participating.