395 P.2d 227

Frank MEIERS and Mary Sawyer Meiers,
Plaintiffs-Appellants,

v.

Coy A. GOOCH and Martha A. Gooch,
Defendants-Appellees.

No. 7482.

Supreme Court of New Mexico.

Sept. 8, 1964.

Smith, Smith & Tharp, Clovis, for appellants.

Dan B. Buzzard, Clovis, for appellees.

COMPTON, Chief Justice.

This is an action for breach of a lease agreement involving realty, resultant damages, and for possession of the leased premises.

Under date of May 3, 1962, the plaintiffs acquired title to the real estate involved herein, subject to a 10-year lease dated February 1, 1955, effective July 1, 1955, then held by the defendants covering the premises. The pertinent provision of the lease reads:

"This land cannot be re-leased by lessees and non-payment of yearly rent or moving from premises makes this lease null and void effective of that date."

The complaint charges that the defendants had breached the terms of the lease in failing to occupy the premises; by allowing the growth of noxious weeds and Johnson Grass; by subletting the premises, and by committing waste, in that the defendants failed to maintain the dwelling house situated thereon; their refusal to permit the plaintiffs to make the necessary repairs; and that they "do not now live on said property as required by said lease and have not for two years."

The defendants joined issue and the cause was tried to the court. The trial court

found that the defendants had substantially complied with all of the terms of the lease and concluded accordingly. From a judgment for the defendants, the plaintiffs appeal. . . .

The appeal is presented on a single point:

"THE TRIAL COURT ERRED IN FINDING THAT THE APPELLEES HAD AT ALL TIMES MATERIAL TO THIS ACTION SUBSTANTIALLY COMPLIED WITH THE LEASE CONTRACT AND CONCLUDING THAT THEY HAD NOT BREACHED THE LEASE AGREEMENT TO ENTITLE APPELLANTS TO POSSESSION OF THE PROPERTY."

At the oral argument, however, the appellants agreed that the only question presented on appeal is whether the defendants breached the contract by moving from the premises. Consequently, our review ends with a determination whether the finding against appellants in this regard is supported by substantial evidence. It would serve no useful purpose to set forth a detailed statement of the testimony as to whether appellees had lived upon the premises as contemplated by the contract. It is enough to say that we have examined the record and find the objectionable finding supported by substantial evidence. It follows that the judgment should not be disturbed on appeal. Entertainment Corporation of America v. Halberg, 69 N.M. 104, 364 P.2d 358.

The judgment should be affirmed. It is so ordered.

CARMODY and MOISE, JJ., concur.