404 P.2d 122

**J. A. SILVERSMITH, INC.,**
Plaintiff-Appellee,

v.

**Charles R. MARCHIONDO, Defendant-Appellant.**

**No. 7564.**

Supreme Court of New Mexico.

June 1, 1965.

Rehearing Denied Aug. 17, 1965.

**292**

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Wright & Kastler, Raton, for appellee.

CHAVEZ, Justice.

This is the second time that this case has come before this court. On the first occasion appellee Silversmith, Inc., brought suit against defendants, Leland D. Keeter and Charles R. Marchiondo, to recover on a promissory note executed by defendants jointly, and upon an open account against Keeter. On appeal of that suit we held that the trial court erroneously dismissed the cause on the ground that appellee was barred from maintaining the action because of its failure to register in New Mexico as a foreign corporation. J. H. Silversmith, Inc. v. Keeter, 72 N.M. 246, 382 P.2d 720.

After the case was reinstated on the docket of the district court appellant Marchiondo filed a motion for a hearing prior to entry of judgment or, in the alternative, a motion to permit the introduction of additional testimony. The trial court denied the motion for a new trial or, in the alternative, the motion to reopen the case to permit the introduction of additional evidence, and entered judgment for plaintiff, finding that further findings of fact and conclusions of law were not necessary or proper. From said judgment Marchiondo duly appealed. Leland D. Keeter is not involved in this appeal.

Appellant contends that the trial court must render judgment according to the true intent and meaning of the mandate of this court; and that, where there are multiple defendants and the evidence clearly establishes nonliability of one such defendant, it is error for the trial court to enter judgment against him merely because the mandate directs judgment for plaintiff.

Appellant argues that, before allowing recovery against both defendants on remand, it should have passed on the matters presented by appellant in his defense. Appellant says that his requested findings of fact in the first trial were never passed upon by the trial court or this court, since the only question decided in the first trial and on appeal was the right of appellee to avail itself of the New Mexico courts. Therefore, appellant concludes that the reasonable intendment of our mandate was that judgment should be entered for plaintiff against both defendants only if both defendants had no defense to the action.

Appellant further asserts that the trial court erred in denying the motion for additional evidence in view of the fact that appellant had discovered a witness to support appellant's defense of fraud in the first trial. The trial court, in the first trial, found that the promissory note was signed by appellant without any condition as to the signature of any other person, and was not secured by fraudulent means.

■ The findings of the trial court were not attacked, thus the facts found by the trial court are the facts upon which the case rests in the appellate court, unless such findings are directly attacked and set aside by this court. Hopkins v. Martinez, 73 N. M. 275, 387 P.2d 852; Bernstein v. Bernstein, 73 N.M. 365, 388 P.2d 187; Brown v. Arapahoe Drilling Company, 70 N.M. 99, 370 P.2d 816; Dowaliby v. Fleming, 69 N. M. 60, 364 P.2d 126. Findings of fact unfavorable to appellee, not attacked by a cross-appeal, must stand. Desmet v. Sublett, 54 N.M. 355, 225 P.2d 141.

Appellant also contends that the trial court erred in refusing to make additional findings on three defenses, either asserted by appellant in the pleadings, or litigated but not decided by the trial court.

■ The first defense was that raised by appellant's requested finding No. 14, that when Mulligan read the note to Keeter, because Keeter was unable to see properly, Mulligan made no mention of the 7% interest on the unpaid balance of the note. This issue was raised by the amended answer of defendant Keeter. The trial court found that the note was not secured by fraudulent means and this finding is sufficiently broad to encompass the alleged withholding of a material fact from Keeter. It appears, therefore, that the issue of the validity of the 7% interest provision in the note was before the trial court in Keeter's pleading and in Marchiondo's requested finding, and the trial court, by finding that fraud was not present, held adversely to the pleading and requested finding that this clause was invalid. Appellant, by failing to cross-appeal from the trial court's findings against it, did not properly preserve that issue for review on appeal. Townsend v. United States Rubber Company, 74 N.M. 206, 392 P.2d 404.

■ The second defense that appellant contends was raised in the first trial, but upon which no findings were made, relates to $14,000 in premiums sent to Silversmith by Keeter after the note was signed by appellant, which premiums, appellant argues, should have been applied first to the discharge of the note, and second to any balance due on new business written by Keeter. Appellant's requested finding of fact No. 25 raised the issue of $1,000 of misapplied funds and Keeter, in his amended answer, alleged he was entitled to be credited for certain undetermined sums paid by him to appellee after the note was executed. By the allegation and requested finding set forth above, the issue of $14,000 in misapplied funds was before the trial court. Were we to hold otherwise, appellant would still be precluded from raising this point because matters not raised or brought into issue by the pleadings, and upon which no ruling of the trial court was invoked, are not preserved for review on appeal. Soens v. Riggle, 64 N.M. 121, 325 P.2d 709.

**294**

■ Although the trial court did not specifically make a finding on this issue, it was a material issue in the case for it would have discharged appellant's obligation under the note he co-signed had it been established. Appellant had the burden of proof in the lower court on this defense, because it constituted an affirmative defense (§ 21–1–1(8) (c), N.M.S.A., 1953 Comp.) and it is well settled that the party alleging the affirmative has the burden of proof. Failure to find specifically upon a material point in issue must be regarded as finding such material fact against the party having the burden of proof. Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339; Coseboom v. Marshall Trust, 67 N.M. 405, 356 P.2d 117; Farrar v. Hood, 56 N.M. 724, 249 P.2d 759.

Appellant's third defense is that the trial court should take into consideration that the previous outstanding note, before the note in question, was signed by Keeter alone and accepted by appellee, and the amount of such prior note should be deducted from any note signed by appellant.

■ The record discloses that the trial court adopted appellant's requested finding that, before March 1, 1957, Keeter had executed a note to appellee for amounts representing premiums that Keeter had collected but failed to pay to appellee. It appears that appellant, for the first time, now seeks to have the amount of the prior note applied in reduction of his liability on the note he signed March 1, 1957. The trial court adopted appellant's requested finding on this issue. If appellant was aggrieved by any omission in the findings by the trial court, he could have cross-appealed. No cross-appeal was taken by appellant and he cannot now assail the trial court's decision for not adopting a finding not requested or raised on appeal.

■ We hold that this defense asserted now by appellant is an affirmative defense under § 21–1–1(8) (c), supra, and, as such, appellant had the burden of proof. Since the trial court failed to make a finding on this material defense, such failure must be regarded as finding such material fact against appellant, who had the burden of proof. Herrera v. C & R Paving Company, supra; Coseboom v. Marshall Trust, supra; Farrar v. Hood, supra.

Appellant cites Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438, to the effect that if certain circumstances are present on an appeal to this court, no cross-appeal is necessary for this court to review other issues. That case is of no help to appellant. In Frederick we stated that Supreme Court Rule 17(2), (§ 21–2–1(17) (2), N.M.S.A., 1963 Pocket Supp.), permits review of rulings adverse to appellee which need be considered only in the event the appeal is found to have merit, but because of which it is contended, the case should nevertheless be affirmed. We there held that under Rule 17(2) no notice of cross-

appeal or cross-appeal was required, but merely the making of a point in appellee's brief of the claimed error, together with argument thereon.

When the first appeal was taken to this court, appellant (then appellee) based his argument solely on the right of appellee Silversmith to bring suit in New Mexico. Since no other issues were then raised or argued by appellant, he has failed to preserve for review any alleged errors in the first trial.

Appellant contends that the trial court, on remand, deemed itself strictly bound by the mandate of this court in J. H. Silversmith, Inc. v. Keeter, supra, which stated:

> "Consequently, it follows that the trial court erred in its conclusion that appellant is barred from maintaining the action. Since these issues where [sic] fully litigated below, the judgment should be reversed and remanded to the court with direction to reinstate the case upon the docket and to enter judgment for the appellant."

Appellant argues that the trial court was bound by our mandate but not as to both defendants, and that the trial court should not have denied appellant's motion for additional testimony because such additional testimony would prove issues litigated or plead in the trial court but not decided. There is no merit in appellant's contention.

The trial court, after our mandate, considered appellant's motion and affidavit of Victor N. Dionisio, heard arguments of counsel, denied the motion, and decided that it was unnecessary and improper to make further findings of fact and conclusions of law.

The appeal is dismissed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.