566 P.2d 95

**FIRST NATIONAL BANK OF LORDS-BURG, Plaintiff-Appellee,**

v.

**RETIREMENT RANCHES, INC., Defendant-Appellant.**

**No. 11166.**

Supreme Court of New Mexico.

July 7, 1977.

E. Ray Phelps, Roswell, Quinn & Quinn, Clovis, for defendant-appellant.

Martin, Martin & Lutz, William L. Lutz, Las Cruces, for plaintiff-appellee.

## OPINION

REUBEN E. NIEVES, District Judge.

Defendant-appellant, Retirement Ranches, Inc., appeals from a judgment rendered in favor of First National Bank of Lordsburg, Plaintiff-appellee on a guarantee agreement. The parties will be referred to as defendant and plaintiff, respectively.

Plaintiff bank loaned money to Retirement Ranch of Lordsburg, Inc., (a related corporation of defendant Retirement Ranches, Inc.) on a promissory note and accepted from the defendant a continuing guaranty for repayment. Authority for this guaranty was duly given by defendant's board of directors. The directors further authorized the pledging of a certificate of deposit in the amount of $12,500 as additional security for the loan made by plaintiff to Retirement Ranch of Lordsburg, Inc. Retirement Ranch of Lordsburg, Inc., failed as a business, and defendant was called upon by plaintiff to honor its commitment under the guaranty. Subsequently, defendant authorized the application of the proceeds from the certificate of deposit toward payment on the loan and this was accomplished. Thereafter, defendant failed to honor its guaranty and legal action was instituted by the plaintiff. Defendant urged that the guaranty was unenforceable in that defendant did not possess authority to enter into this guaranty, nor to pledge the funds represented by the certificate of deposit. Defendant also counterclaimed to recover the monies pledged as security. The matter was tried to the court without a jury. Judgment was entered for the plaintiff on its complaint and defendant's counterclaim was denied. We affirm.

Defendant, in urging reversal of the trial court's judgment, advances four (4) points for our consideration:

(1) defendant was a nonprofit corporation, and Retirement Ranch of Lordsburg, Inc., was an ordinary business corporation;

(2) the continuing guaranty executed by the defendant was ultra vires;

(3) defendant was not estopped to rely on the defense of ultra vires; and

(4) plaintiff took the funds pledged as security for the guaranty with notice that they were trust funds being diverted from an express trust purpose, and the same should be restored to the defendant.

In reference to the points raised by defendant, the trial court found: (a) as to Point (1): defendant was a New Mexico corporation, but made no finding concerning the nature of the corporation whose debt was guaranteed, i. e., Retirement Ranch of Lordsburg, Inc.; (b) as to Point (2): the guaranty of the loan by defendant was in furtherance of defendant's plan to establish a nursing home, and the execution of the guaranty was within its corporate powers, and therefore, was not ultra vires; (c) as to Point (3): even if the execution of the guaranty were an ultra vires act, the defendant was estopped to plead such as a defense; (d) as to Point (4): the pledge and the assignment of the funds placed as security were not contrary to any restrictions on the use of the funds by the donor to the defendant, and even if the pledge of the funds was contrary to the restrictions on its use, the defendant is estopped to raise those restrictions and waived any right to rely on them.

It is contended by the plaintiff, and was advanced in the trial court, that the obligation of the defendant was created by the execution of the guaranty; that defendant knew the purposes thereof and acquiesced therein; that the guaranty was authorized by the defendant's Board of Directors; and that its acts were in furtherance of defendant's business under the powers granted by its charter. There is substantial evidence to support this view of the facts. State v. Williams, 57 N.M. 588, 261 P.2d 131 (1953).

We first proceed to examine defendant's contention under its Point 2 as to whether or not the act of entering into the guaranty obligation was ultra vires. The defendant was chartered under the provisions of §§ 51-14-20—51-14-40, N.M.S.A. 1953, prior to said sections being repealed in 1976 by Ch. 217, § 98 N.M. Law 1975. Section

51--14–30, supra, gave the following general powers, among others, to a non-profit corporation unless otherwise restricted by its articles of incorporation:

(e) . . . encumber, convey or dispose of real and personal property;

(f) enter into obligations or contracts . . . expedient to the purposes stated in its articles of incorporation;

\* \* \* \* \* \*

(h) to receive, hold and administer trust funds and endowments for the uses and purposes of said corporation;

Article III (A), (J) and (N) of defendant's Articles of Incorporation authorized it to "equip, maintain, service and operate houses for the aging, hospitals," et cetera, and gave it general powers to so operate, and that the "enumeration of powers" should not be held "to limit or restrict in any manner powers of the corporation."

In this instance, defendant Retirement Ranches, Inc., by its charter and the appropriate statutes under which it was incorporated, had the authority to enter into obligations or contracts, encumber or dispose of personal property, and hold and administer trust funds, all in furtherance of its purposes for existence, to-wit: "equip, maintain, service and operate houses for the aging, hospitals," et cetera.

The funds that were pledged as a guaranty by the defendant originated as a bequest from an estate of a decedent to a religious institution, a church. This church, in turn, authorized the transfer of these funds to the defendant to be used by the defendant for the establishment or maintenance of a retirement home at Lordsburg, New Mexico, in accordance with the provisions of Section Eleven of the Will of the decedent.

The question of whether the execution of a guaranty by the officers of a non-profit corporation is an ultra vires act, is a case of first impression in New Mexico. However, the case of *Ingram v. Texas Christian University,* 196 S.W. 608 (Tex.Civ.App.1917), which has a similar factual situation, provides this Court with some direction. There, an action was brought by Ingram against Texas Christian University to recover rents on a building. The University denied liability, contending that it did not authorize the rental contract and further, if it did so attempt to execute the contract, such was ultra vires. The trial court rendered judgment for the defendant university, concluding that the execution of the lease was an effort on the part of the university to lend its credit to and guarantee the debts of the University Hospital Association. As such, the defendant's act was ultra vires and created no legal obligation on its part to comply with the terms of the lease. Upon appeal, the Court of Civil Appeals reversed the trial court and at 196 S.W. at 611 quoted with approval the following language found in *Live Stock Co. v. West Texas B. & T. Co.,* 111 S.W. 417 (Tex.Civ.App.1908):

Ordinarily, a contract of suretyship is foreign to the object for which corporations are created; but there are exceptions to this rule, one of which is that, though not expressly authorized, the corporation may become a surety when it is necessary to enable it to accomplish the object for which it was created, or whenever the particular transaction is reasonably necessary or proper in the conduct of its business.

It is generally recognized that:

An express grant of power to a corporation carries with it all the powers which may be implied from, or are incidental or auxiliary to, the powers expressly conferred, and permits the corporation to do everything convenient, suitable or necessary to enable it fully to perform the powers designated in its charter and the business for which it was organized.

6 W. Fletcher, Cyclopedia of the Law of Private Corporations § 2486 (Rev. perm. ed. 1968).

We therefore hold that the entering into an obligation agreement by the defendant with the plaintiff, guaranteeing the loan made by plaintiff to Retirement Ranch of Lordsburg, Inc., the creation of which was in furtherance of defendant's corporate purpose of existence, was not ultra vires.

Our holding that the guaranty executed was not ultra vires is dispositive of the other issues urged by defendant on this appeal. The judgment of the trial court is affirmed in all respects. Costs are assessed against the defendant-appellant, Retirement Ranches, Inc.

McMANUS, C. J., and PAYNE, J., concur.