This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SUNTRUST MORTGAGE, INC.,**

Plaintiff-Appellee,

v.                                                                      **No. A-1-CA-37098**

**ROGER SAUL,**

Defendant-Appellant,

and

**ALMA SAUL; WORLDWIDE CHRISTIAN AID, INC., CHARLES PAUL SAUL; BAPTIST CHURCH PENSION AND RETIREMENT FUND; AND FIRST FINANCIAL BANK, N.A.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Rose L. Brand & Associates PC
Andrew P. Yarrington
Albuquerque, NM

for Appellee

Roger Saul
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Roger Saul appeals from the denial of a motion to reconsider an award of summary judgment in the underlying foreclosure action. We previously issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was previously set forth in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3}     Defendant continues to assert that he should have been granted relief from the judgment based upon his submission of a loan modification application. [MIO 1-2] However, as we previously observed, [CN 3] the record reflects that Defendant's initial submission was incomplete. [RP 356] Defendant was given the opportunity to rectify the deficiencies, [RP 368, 383-84] but after supplementation, the application was denied. [RP 398-404] Although Defendant appears to believe that his application should have been granted, [MIO 1-2] the limited record before us presents no basis

for second-guessing the denial. We therefore remain unpersuaded that Plaintiff was under any obligation to discontinue the foreclosure process. *Cf. Charter Bank v. Francoeur*, 2012-NMCA-078, ¶¶ 12-25, 287 P.3d 333 (concluding that neither HAMP nor equitable considerations precluded foreclosure proceedings from moving forward, notwithstanding the defendant's application for a loan modification).

{4}     Defendant also reiterates his claims that Plaintiff engaged in fraud and tortious interference with business relations. [MIO 3-4] However, insofar as these matters were not raised in the course of the district court proceedings, [MIO 3] they supply no basis for relief. *See, e.g., Charter Bank*, 2012-NMCA-078, ¶¶ 3, 25 (concluding that a homeowner's assertions of fraud, misrepresentation, and/or "other misconduct" in conjunction with a motion to set aside were insufficient to preserve these matters, where the homeowner "did not specifically raise a bad-faith defense and therefore did not fairly invoke a ruling by the district court"); *and see generally J.A. Silversmith, Inc. v. Marchiondo*, 1965-NMSC-061, ¶ 9, 75 N.M. 290, 404 P.2d 122 (explaining that "matters not raised or brought into issue by the pleadings, and upon which no ruling of the trial court was invoked, are not preserved for review on appeal").

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**

3

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**HENRY M. BOHNHOFF, Judge**