This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41234**

**STATE OF NEW MEXICO ex rel.**
**THOMAS L. TAYLOR and SUE WISE,**

Petitioners-Appellants,

v.

**WILLIAM M. DENNEY and**
**JAMES R. MAYNARD,**

Respondents-Appellees,

and

**SHAWNA V. DENNEY,**

Non-Party Witness-Appellee,

and

**SUSAN MAYNARD and SHELLEY HUGHES,**

Non-Party Witnesses-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Shannon Murdock-Poff, District Court Judge**

Courvoisier Law LLC
Rebekah A. Scott Courvoisier
Alamogordo, NM

for Appellants

Overstreet & Associates, P.C.
S. Thomas Overstreet
Alamogordo, NM

for Appellees William M. Denney & Shawna V. Denney

John D. Wheeler & Associates, P.C.
John D. Wheeler
Elizabeth K. Watson
Alamogordo, NM

for Appellees James R. Maynard, Susan Maynard, & Shelley Hughes

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Petitioners Thomas L. Taylor and Sue Wise (Relators), appeal a district court decision concluding that Respondents William M. Denney and James R. Maynard were eligible to hold public office. Relators also appeal multiple discovery orders and an order denying Relators' motion to reconsider the judgment. Because Relators fail to demonstrate error, we affirm.

## BACKGROUND

**{2}** In August 2020, Respondent Denney became Mayor of the Village of Cloudcroft, New Mexico (Cloudcroft), after being appointed to the position by the Cloudcroft Board of Trustees. In January 2022, Respondent Maynard took office as a Trustee for Cloudcroft following an election. In June 2022, Relators filed a complaint against Respondents for quo warranto, alleging that Respondents were not residents of Cloudcroft, and therefore were not eligible to hold public office, pursuant to NMSA 1978, Section 1-1-7.1 (1993). *See State v. Oliver*, 2020-NMSC-002, ¶ 9, 456 P.3d 1065 (stating that "quo warranto has long been recognized under New Mexico law as an appropriate vehicle to ascertain whether one is constitutionally authorized to hold the office [they] claim[]" (internal quotation marks and citation omitted)); *see also* NMSA 1978, § 44-3-4(A) (1919) (authorizing an action for a writ of quo warranto "when any person shall usurp, intrude into or unlawfully hold or exercise any public office . . . within this state").

**{3}** Following a bench trial, the district court issued its final judgment, finding that Respondents resided in Cloudcroft, and accordingly concluding that Respondents were eligible to hold public office. Relators appeal.

## DISCUSSION

**{4}** On appeal, Relators argue that the district court (1) lacked substantial evidence to find that Respondents were residents of Cloudcroft and accordingly erred in concluding that Respondents were eligible to hold elected office in Cloudcroft; (2) abused its discretion by limiting Relators' presentation of witnesses at trial and

otherwise limiting discovery and evidence;[1] (3) erred by quashing subpoenas against two nonparties and awarding them attorney fees; and (4) erroneously denied Relators' motion for reconsideration. We address each of these arguments in turn.

## I.      Finding of Residency

**{5}**      Relators argue that there was insufficient evidence to find that Respondents resided in Cloudcroft and to conclude that Respondents were eligible to hold public office because (1) Relators "met [their] burden of showing that neither [Respondent] 'actually resided' at the locations shown on their voter registrations"; (2) Respondents' testimony about their residency should not have been considered by the district court; and (3) "there was no evidence to establish that [Respondents] spent most of their time, lived, and resided at their properties in Cloudcroft." We disagree.

**{6}**      The New Mexico Constitution requires "[a]ll district and municipal officers, county commissioners, school board members, and municipal governing body members [to] be residents of the political subdivision or district from which they are elected or for which they are appointed." N.M. Const., art. V, § 13; *see* N.M. Const. art. X, § 6(B) ("Any member of the governing body of a municipality representing a district shall be a resident of, and elected by, the registered qualified electors of that district."); *Gibbany v. Ford*, 1924-NMSC-038, ¶ 6, 29 N.M. 621, 225 P. 577 ("[T]he only restriction against the right of every citizen of the United States who is a resident of and a qualified voter within this state to hold any public office is that all district, county, precinct, and municipal officers shall reside within the political subdivision for which they were elected or appointed."). Pursuant to the Election Code, a candidate must (1) "physically reside[] within the boundaries of the district or districted area in which the [candidate] desires to be elected or to represent" and (2) have a record of voter registration that "shows that the [candidate] is . . . a qualified elector of the state *and* was registered to vote in the area to be elected to represent on the date the proclamation calling a local election is filed in the office of the secretary of state." NMSA 1978, § 1-22-3(B) (2019) (emphasis added); *see* NMSA 1978, § 1-1-1 (1975) (stating that this chapter "may be cited as the 'Election Code'"). Under the Election Code, a qualified elector is "any resident of this state who is qualified to vote." NMSA 1978, § 1-1-4(A) (2019). "For the purpose of determining the residence of a person desiring to be a candidate for the nomination or election to an office under the provisions of the Election Code . . . , permanent

---

[1]Relators argue that the district court's limitations on discovery and evidence were an abuse of discretion. However, Relators do not make any argument on appeal as to how the district court erred. *See Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 ("On appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." (internal quotation marks and citation omitted)). Instead, Relators identify the arguments they made to the district court and then summarily assert that they were "denied due process and [were] prejudiced in [their] ability to present all relevant and material evidence in support of [their] claims." Though Relators do eventually develop their argument in their reply brief, we will not consider arguments that were not raised in the brief in chief, unless the arguments are directed at new arguments or authorities in the answer brief. *See Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 15, 288 P.3d 902. Relators' cursory argument is insufficient to demonstrate error, and we accordingly decline to review it. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

residence shall be resolved in favor of that place shown on the person's certificate of registration as [their] permanent residence, provided the person resides on the premises." Section 1-1-7.1.

**{7}** We review the district court's findings of residency for substantial evidence. *See State ex rel. Magee v. Williams*, 1953-NMSC-082, ¶ 8, 57 N.M. 588, 261 P.2d 131. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 13, 145 N.M. 280, 196 P.3d 1286 (internal quotation marks and citation omitted). "Under this standard, [appellate courts] resolve all factual disputes and indulge all reasonable inferences in favor of the party who prevailed in the [district] court." *Id.* "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted). "We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Ruiz*, 2008-NMSC-063, ¶ 13 (alteration, internal quotation marks, and citation omitted). Accordingly, we will not "weigh the credibility of live witnesses." *Casias Trucking*, 2014-NMCA-099, ¶ 23; *id.* ("It is the sole responsibility of the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies, and we, as the reviewing court, do not weigh the credibility of live witnesses." (alteration, internal quotation marks, and citation omitted)). "To the extent that [a party] contends that there are errors of law in the [district] court's conclusions or in those findings that function as conclusions, we apply a de novo standard of review." *Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844.

**{8}** "[I]n order to challenge the [district] court's findings of fact as not supported by substantial evidence, [the appellant] must clearly indicate the findings that it wishes to challenge and must provide this Court with a summary of all the evidence bearing on the finding." *Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 28, 135 N.M. 607, 92 P.3d 53. The appellant must also include "an explanation of why [any] unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and th[is] Court of the true nature of the appellant's arguments." *Id.* Additionally, this Court "will not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted). "To rule on an inadequately briefed issue, [appellate courts] would have to develop the arguments [themselves], effectively performing the parties' work for them." *Id.* "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for [appellate courts] to promulgate case law based on [their] own speculation rather than the parties' carefully considered arguments." *Id.*

**{9}** First, Relators assert that they presented sufficient evidence to support a finding that Respondents did not intend to reside in Cloudcroft and that they were not residents. This argument misunderstands our standard of review on appeal. The question before

this Court is whether, looking at the evidence presented at trial, the district court had sufficient evidence to find that Respondents resided in Cloudcroft—not whether Relators met their evidentiary burden below. *See Casias Trucking*, 2014-NMCA-099, ¶ 20; *Robey v. Parnell*, 2017-NMCA-038, ¶ 20, 392 P.3d 642 ("When the [district] court's findings of fact are supported by substantial evidence refusal to make contrary findings is not error." (omission, internal quotation marks, and citation omitted)). Thus, whether Relators presented sufficient evidence to support a finding contrary to that of the district court is not relevant to our analysis.

**{10}** Second, Relators argue that the district court erred as a matter of law in considering Respondents' statements, declarations, and testimony about where they lived as evidence of their residences. While Relators provide a detailed summary of the evidence presented at trial, they do not specifically identify the portions of Respondents' testimony, which was presented over two days, or the other statements and declarations that they contest on appeal. Without such identification, we cannot determine whether the district court erred by considering the statements, testimony, or declarations. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{11}** Moreover, Relators fail to identify any relevant, controlling authority to support their argument. In asserting that "Respondents' conclusory statements were not competent evidence of physical presence and residency," Relators rely on cases discussing unsupported assertions of prejudice, *see State v. Ernesto M., Jr.* (*In re Ernesto M. Jr.*), 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318, factual assertions made in support of motions for summary judgment, *see Mayfield Smithson Enters. v. Com-Quip, Inc.*, 1995-NMSC-034, ¶ 9, 120 N.M. 9, 896 P.2d 1156, and affidavits with conclusory allegations, *see Hartman v. Texaco Inc.*, 1997-NMCA-032, ¶ 24, 123 N.M. 220, 937 P.2d 979. None of these cases address live trial testimony, which is at issue here. Similarly, in arguing that "[s]tatements that a location is a person's home are not proof of actual abode/residence," Relators rely on out-of-state authority, *see Texas v. Florida*, 306 U.S. 398, 425 (1939); *State v. Wilson*, 490 S.W. 3d 610, 618 (Tex. Ct. App. 2016); *In re Dorrance's Est.*, 163 A. 303, 308 (Pa. 1932). Relators also acknowledge New Mexico case law, which states that "[t]he testimony of a single witness, if found credible by the district court, is sufficient to constitute substantial evidence supporting a finding," *Autrey v. Autrey*, 2022-NMCA-042, ¶ 9, 516 P.3d 207. However, Relators dismiss this longstanding authority by characterizing Respondents' testimony as irrelevant and unpersuasive. This argument ignores another longstanding principle, that "[i]t is for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies." *Jaynes v. Wal-Mart Store No. 824*, 1988-NMCA-076, ¶ 8, 107 N.M. 648, 763 P.2d 82. Here, to the extent the district court relied on the relevant testimony and statements in making its findings of fact, we assume that the district court considered the testimony and other evidence presented and deemed it credible. Accordingly, Relators have failed to demonstrate that the district court erred in considering Respondents' statements and testimony about their residences.

**{12}**    Finally, Relators assert that there was insufficient evidence to support the district court's findings of both intent to reside, as shown by voter registration, and actual residency. Amongst other evidence presented at trial, each Respondent testified that they lived in and spent time at multiple properties that they own, including the residences within Cloudcroft. Relators fail to explain why all of the evidence before the court "does not amount to substantial evidence" supporting the court's findings of residency. *See Aspen Landscaping, Inc.*, 2004-NMCA-063, ¶ 28. Instead, Relators make conclusory assertions that there was an "absence of evidence of actual residency" in Cloudcroft and "there was no evidence to establish that [Respondents] spent most of their time, lived, and resided at their properties in Cloudcroft." These assertions are an insufficient attack on the district court's finding of fact. *See Stanley v. N.M. Game Comm'n*, 2024-NMCA-006, ¶ 15, 539 P.3d 1224 ("Summarizing the evidence and making a generalized assertion that the evidence does not support the district court's findings of fact, without directly attacking them, is insufficient."). Additionally, Relators rely on the district court's oral statements to assert that there was insufficient evidence. However, the district court explicitly found in its written order that Respondents were residents of Cloudcroft as required to be eligible to hold public office. We will not reverse the district court's written finding based on an apparently contrary oral remark. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 (stating that "[o]ral remarks may not be relied upon for reversal" (internal quotation marks and citation omitted)); *Holzem v. Presbyterian Healthcare Servs.*, 2017-NMCA-013, ¶ 18, 388 P.3d 255 (holding that the written order prevails in the event of a discrepancy between the district court's oral statements and a written order). Because Relators have failed to address the substance of the evidence bearing on the district court's finding, and fail to provide any other argument for reversal, we cannot say that the district court lacked substantial evidence to find that Respondents resided in Cloudcroft. Accordingly, we accept the district court's finding that Respondents were residents of Cloudcroft and conclude that Relators have not demonstrated that the district court erred in determining that Respondents were eligible to hold public office.[2]

## II.    Motions to Quash Subpoenas

---

[2]Relators also argue that the district court should have determined whether Respondents were residents of Cloudcroft under the criteria set forth in Section 1-1-7 because there was insufficient evidence that they lived in Cloudcroft. Because we conclude above that Relators did not properly challenge the district court's finding of residency as explained above, we need not address this argument as Relators have not demonstrated that the district court erred. However, to the extent that Relators argue that the district court was required to consider the criteria in Section 1-1-7 regardless of its determination of Respondents' residences, we disagree. Our Supreme Court in *Apodaca v. Chavez*, 1990-NMSC-028, 109 N.M. 610, 788 P.2d 366, assumed, but did not decide, that the criteria in Section 1-1-7 apply to the question of whether a candidate for public office is qualified under applicable residence requirements. *Apodaca*, 1990-NMSC-028, ¶ 14. Even assuming that the district court did not consider the criteria set forth in Section 1-1-7 when making its findings and conclusions, "cases are not authority for propositions not considered" by an appellate court. *Grygorwicz v. Trujillo*, 2006-NMCA-089, ¶ 9, 140 N.M. 129, 140 P.3d 550 (alteration, internal quotation marks, and citation omitted). Our Supreme Court in *Apodaca* explicitly did not hold that Section 1-1-7 is applicable to resolving the question of a candidate's residency for eligibility to hold public office. Accordingly, we cannot say that the district court erred to the extent it did not rely on Section 1-1-7.

**{13}** Next, Relators argue that the district court abused its discretion in granting the nonparties' request for attorney fees in their motions to quash the subpoenas because the subpoenas did not impose an undue burden on the nonparties.[3] Specifically, Relators argue that "[t]here is an absence of carelessness, bad faith, or showing of any disregard by [Relators] of [their] duty to avoid imposing an undue burden on the non-party witnesses, and the [district c]ourt did not make specific findings regarding an undue burden." Contrary to Relators' assertion that this issue is subject to de novo review, we review the district court's imposition of sanctions for an abuse of discretion. *See Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 13, 140 N.M. 637, 145 P.3d 117.

**{14}** Under Rule 1-045(C)(1) NMRA, the district court may award attorney fees as a sanction for failing to take reasonable steps to avoid imposing an undue burden or expense on a person subject to a subpoena. First, Relators argue that the non-party witnesses did not demonstrate that they were harmed by the subpoena. However, the non-party witnesses explained the burden in their motions for protective order and the subpoenas requested communications that "relate to or discuss" where the witness and the party "lived or resided from 2015 to the present,"—which was December 2022. The district court stated that it awarded fees because it was "concerned about documents going back . . . eight years." Moreover, in its written order quashing one of the subpoenas, the district court explicitly found that the subpoena was "overly broad and impose[d] an undue burden and expense." Critically, Relators fail to address the factual basis for the district court's finding that the subpoenas did impose an undue burden, and we accept the district court's finding.

**{15}** Next, Relators assert that the award of attorney fees was improper because they communicated with Respondents in an attempt to clarify and limit the subpoena, and thus the district court abused its discretion in awarding attorney fees. However, Relators fail to provide any citation to evidence or discussion of these good faith communications. We will not review arguments that are unsupported by citations to the record. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)); *see also* Rule 12-318(A)(3) NMRA (requiring briefs in chief to contain "a summary of proceedings . . . . *shall contain citations to the record proper, transcript of proceedings, or exhibits supporting each factual*

---

3Relators purport to assert that the district court erred in quashing the subpoenas. However, Relators make no argument as to how the district court erred in quashing the subpoenas against the nonparties. Relators identify the arguments they made to the district court and do not provide any additional argument on appeal. *See Hall*, 2023-NMCA-042, ¶ 5 ("On appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." (internal quotation marks and citation omitted)). To the extent Relators profess to incorporate by reference their arguments made in their motion in opposition to this Court's notice of proposed summary disposition, "attempts to incorporate by reference arguments and authority contained in memoranda submitted in opposition to calendaring notices do not preserve matters not specifically argued in the briefs." *Cf. Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 16, 115 N.M. 181, 848 P.2d 1108. In the absence of any argument on appeal as to how the district court erred, we decline to address this assertion of error. *See Corona*, 2014-NMCA-071, ¶ 28.

*representation*” (emphasis added)). Because Relators fail to address the district court's finding and fail to otherwise support their argument, we cannot say that the district court abused its discretion in awarding the nonparties' attorney fees.

## IV.    Motion for Reconsideration

**{16}**    Finally, Relators argue that the district court abused its discretion in denying their motion for reconsideration. “We review the denial of a motion for reconsideration for abuse of discretion.” *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. On appeal, Relators reiterate the arguments they made to the district court, and we conclude that Relators have not met their burden to demonstrate error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (“The presumption upon review favors the correctness of the [district] court's actions. Appellant must affirmatively demonstrate its assertion of error.”) Relators do not address the district court's reasoning for denying the motion for reconsideration, including that the discovery of a new witness was not sufficient to warrant reconsideration of its judgment because the witness had seen the trial and the evidence presented. To the extent Relators argue that the motion for reconsideration should have been granted due to the insufficiency of the evidence and erroneous discovery and evidentiary rulings, we remain unpersuaded by these assertions of error as explained above. Therefore, the district court did not abuse its discretion in denying the motion for reconsideration.

## CONCLUSION

**{17}**    For the foregoing reasons, we affirm the district court.

**{18}    IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**