2008-NMSC-063

196 P.3d 1286

Harriet RUIZ, Rosemarie Sanchez and
Whitney C. Buchanan, Appellants,

v.

Rebecca D. VIGIL–GIRON, Appellee,

and

Mary Herrera, in her capacity as New
Mexico Secretary of State, Real
Party in Interest.

No. 31,080.

Supreme Court of New Mexico.

Nov. 7, 2008.

Jones, Snead, Wertheim & Wentworth, P.A., John V. Wertheim, Roxie P. Rawls–De Santiago, Santa Fe, NM, for Appellants.

Law Offices of Jon Adams, Jonathan Richard Adams, Santa Fe, NM, for Appellee.

Gary K. King, Attorney General, Scott Fuqua, Assistant Attorney General, Santa Fe, NM, for Real Party in Interest.

## OPINION

PER CURIAM.

{1} This case highlights the problems faced in challenges to the validity of signatures on nominating petitions when the time allowed for such challenges is remarkably brief and when there is no clear guidance on which database of registered voters is to be used to verify the signatures. Harriet Ruiz, Rosemarie Sanchez, and Whitney C. Buchanan (Plaintiffs) filed a complaint, pursuant to Rule 1–096 NMRA, challenging the signatures on the nominating petitions of Rebecca D. Vigil–Giron (Defendant), who sought to be the Democratic Party's candidate for the United States House of Representatives from the First Congressional District, and Mary Herrera, in her capacity as New Mexico Secretary of State (Real Party in Interest). The district court dismissed the challenge on two grounds: (1) that the evidence showed Defendant had collected the required number of valid signatures, and (2) that the complaint did not satisfy the specific pleading requirements of Rule 1–096. Because we conclude there was sufficient evidence to support the district court's ruling that Defendant had collected enough signatures to be placed on the primary election ballot, we affirm the dismissal of the challenge.

## I. BACKGROUND

{2} At the Democratic Party's pre-primary convention on March 15, 2008, Defendant failed to obtain the Democratic Party's designation to be placed on the primary election ballot. Subsequently, pursuant to NMSA 1978, Section 1–8–33(D) (2008), Defendant collected additional signatures to those submitted before the pre-primary convention as an alternative method of being placed on the ballot. Under Section 1–8–33(D), she was required to file a total of at least 1,214 valid signatures (at least four percent of the total vote for the party's candidates for governor

in the most recent gubernatorial election), a number that includes those signatures filed both before and after the pre-primary convention. In accordance with the expedited process outlined in the Election Code, Defendant filed a new declaration of candidacy and additional signatures on March 25, 2008, within ten days of the pre-primary convention. *See* § 1–8–33(D).

{3} Plaintiffs then filed a complaint challenging a number of the signatures on April 4, 2008, within ten days of the date Defendant filed her declaration of candidacy, as required by NMSA 1978, Section 1–8–35(A) (1993). Plaintiffs prepared a summary of signatures they argued were invalid, contending that Defendant was 85 signatures short of the number of signatures required. Of specific relevance to this appeal are 347 signatures that Plaintiffs alleged did not belong to registered Democratic voters. Defendant countered by presenting her own evidence that 103 of the challenged signatures did, in fact, belong to registered Democratic voters. In addition, Defendant argued that Plaintiffs' complaint did not comply with the pleading requirements of Rule 1–096 because the complaint did not make clear whether the group of 347 signatures on the petitions was being challenged because no corresponding name was found on voter registration lists or because the addresses in the petitions did not match the addresses on the registration lists.

{4} At the evidentiary hearing in district court, Plaintiffs and Defendant argued that each other's evidence was inadmissible. However, the district court admitted the evidence of both parties. After reviewing the evidence, the district court dismissed the complaint on two grounds: (1) that Plaintiffs had not shown that Defendant had not collected enough signatures to be placed on the ballot, and (2) that the complaint did not specifically state the grounds for each challenged signature as required by Rule 1–096. Plaintiffs then filed a certificate of counsel with this Court, pursuant to Rule 12–603(D) NMRA, appealing the district court's decision.

## II. DISCUSSION

{5} New Mexico law mandates that every signature on a nominating petition is to be counted unless evidence is presented that the person signing

(1) was not a registered member of the candidate's political party ten days prior to the filing of the nominating petition;

(2) failed to provide information required by the nominating petition sufficient to determine that the person is a qualified voter of the state, district, county or area to be represented by the office for which the person seeking the nomination is a candidate;

(3) has signed more than one petition for the same office, except as provided in Subsection A of this section, or has signed one petition more than once;

(4) is not of the same political party as the candidate named in the nominating petition as shown by the signer's certificate of registration; or

(5) is not the person whose name appears on the nominating petition.

NMSA 1978, § 1–8–31(C) (1999). Therefore, the burden is on the challenger to demonstrate that specific signatures should not be counted, and we are "committed to examine 'most carefully, and rather unsympathetically' any challenge to a voter's right to participate in an election, and will not deny that right 'absent bad faith, fraud or reasonable opportunity for fraud.'" *Simmons v. McDaniel,* 101 N.M. 260, 263, 680 P.2d 977, 980 (1984) (quoting *Valdez v. Herrera,* 48 N.M. 45, 53, 145 P.2d 864, 869 (1944)).

{6} Plaintiffs argue that the district court erroneously dismissed their challenge to Defendant's nominating petitions, and they frame the issues as follows: that the district court erred (1) in admitting an exhibit introduced by Defendant's campaign manager showing that several of the challenged signatures were valid, and (2) in dismissing Plaintiffs' complaint for failure to plead the challenges to signatures with sufficient particularity. We first address the admissibility of Defendant's exhibit.

## A. THE ADMISSION OF DEFENDANT'S EXHIBIT

{7} Plaintiffs argue on appeal that the district court should not have admitted Defendant's exhibit showing that a number of the challenged signatures were valid. Plaintiffs objected to the exhibit's admission on the grounds that it was hearsay and not a proper summary under Rule 11–1006 NMRA. Plaintiffs argue that if this evidence had been excluded, there would have been insufficient evidence to support the ruling that Defendant had collected the required number of signatures. The admission or exclusion of evidence is reviewed for an abuse of discretion. *Coates v. Wal–Mart Stores, Inc.*, 1999–NMSC–013, ¶ 36, 127 N.M. 47, 976 P.2d 999. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999–NMSC–001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted).

{8} Both parties presented their evidence in the form of summaries compiled from voter registration records under Rule 11–1006. Rule 11–1006 provides:

> The contents of voluminous writings, recordings or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

The summary, of course, must be of admissible evidence. *See United States v. Samaniego*, 187 F.3d 1222, 1223 (10th Cir.1999) ("Admission of summaries, however, is conditioned on the requirement that the evidence upon which they are based, if not admitted, must be admissible."); *see also Benavidez v. Benavidez*, 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983) (explaining that it is appropriate to look to judicial interpretations of corresponding federal rules when our rules are the same). Plaintiffs do not dispute that the Bernalillo County Clerk's database of voter registration records and the nominating petitions are public records, which are admissible under Rule 11–803(H) NMRA. Indeed, Plaintiffs themselves used the Bernalillo County Clerk's database, among others, to develop their own summary and did not argue that the underlying record was unreliable. We note, moreover, that a foundation is usually unnecessary when introducing a public record into evidence because a public official is presumed to properly perform his or her duty and because it is therefore more likely that the public record will be accurate. *State v. Ramirez*, 89 N.M. 635, 644–45, 556 P.2d 43, 52–53 (Ct.App.1976), *overruled on other grounds, Sells v. State*, 98 N.M. 786, 788, 653 P.2d 162, 164 (1982).

{9} Plaintiffs, however, argued that Defendant's exhibit was not a proper summary under Rule 11–1006. Although Plaintiffs argue that Defendant did not make the basis for the summary available to Plaintiffs as required by the rule, Plaintiffs' witness relied on the same voter registration list in conducting her own research, and Plaintiffs' witness testified that she had access to the same list.

{10} In this case, the witness through whom Defendant's exhibit was introduced testified that she compiled the summary of valid signatures from information she received from the Bernalillo County Clerk's Office. She testified that she sat with a clerk at the County Clerk's Office and read to the clerk names from Defendant's petitions. If the clerk verified that the names on the petitions appeared on the voter registration list, the witness noted that information on her copy of the petitions. The witness testified that she then prepared Defendant's exhibit, which was a list of the signatures that the County Clerk's Office had verified belonged to registered Democratic voters, from the notes she made on the petitions. Based on this testimony, the district court ruled that Defendant's witness had personal knowledge about the compilation of the summary, she had worked on it at the Bernalillo County Clerk's Office, and she had authenticated the summary. Under these circumstances, we find no clear abuse of discretion in the

district court's ruling admitting Defendant's exhibit.

## B. SUBSTANTIAL EVIDENCE

{11} Because Defendant's exhibit was admitted, the district court then weighed the evidence presented by both parties addressing the validity of the signatures. In doing so, the district court commented on the number of databases Plaintiffs had used to compile their challenges. Plaintiffs' witness testified that she supervised a group of researchers who searched four different databases: (1) Bernalillo County voter registration files from March 9, 2008; (2) a database named "Caucus '08" from the Secretary of State's Office; (3) a database named "Vote Builder," which is a web-based database maintained by the Democratic Party; and (4) the April 1, 2008 version of the voter registration files from the Bernalillo County Clerk's Office.

{12} Plaintiffs' witness testified that the March 9, 2008 Bernalillo County voter registration files were provided by the Democratic Party and had been "filtered" to make them easier to search. The witness acknowledged that she only had the word of a Democratic Party official, who did not testify, to authenticate the Bernalillo County files. In a somewhat confusing statement, she testified that these files were not used to challenge any voter, but simply to find voters, although the files were used to identify duplicate voter signatures. The second database Plaintiffs used was Caucus '08, which was obtained from the same Democratic Party official, who represented that this database was obtained from the Secretary of State's Office and was dated January 21, 2008. Plaintiffs' witness acknowledged that this database was used to identify voters outside of Bernalillo County. She also testified that the third database, Vote Builder, was a web-based database maintained by the Democratic Party, but she testified that it was not used to challenge any signatures. Finally, Plaintiffs' witness testified that the challenges in Bernalillo County were based on the fourth database, the April 1, 2008 version of the Bernalillo County voter registration files, which was purchased from the Bernalillo County Clerk's Office by Plaintiffs' counsel and then uploaded into a searchable database by the Democratic Party official who gave her the databases.

{13} After reviewing the evidence presented by both parties, the district court found that 102 of the signatures listed in Defendant's exhibit were valid. Because Plaintiffs alleged that Defendant was 85 signatures short of the number required, the court's acceptance of an additional 102 valid signatures resulted in the district court's finding that Defendant had collected a sufficient number of signatures to have her name placed on the primary election ballot. This finding will only be reversed if we determine it is not based upon substantial evidence. *See Chavarria v. Fleetwood Retail Corp.*, 2006–NMSC–046, ¶¶ 12, 17, 140 N.M. 478, 143 P.3d 717. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990). Under this standard, we resolve all factual disputes and indulge all reasonable inferences in favor of the party who prevailed in the trial court. *See Coates*, 1999–NMSC–013, ¶ 46, 127 N.M. 47, 976 P.2d 999. "[W]e will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997–NMCA–044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

## III. CONCLUSION

{14} Because we resolve all factual disputes and indulge all reasonable inferences in favor of Defendant, we conclude that the district court's finding that Defendant submitted a sufficient number of signatures to have her name placed on the primary ballot was based upon substantial evidence. In so concluding, we emphasize that the purpose of placing the burden on Plaintiffs (the challengers) is to ensure that "absent bad faith, fraud or reasonable opportunity for fraud," the right of voters to participate in an election will be protected. *See Valdez*, 48 N.M. at 53, 145 P.2d at 869. Accordingly, we affirm the dismissal of the challenge on that basis. In light of this holding, we do not

address whether the complaint was pled with sufficient specificity.

■ {15} In deciding that Defendant's evidence of valid signatures was persuasive, the district court noted problems with the multiple databases used by Plaintiffs, observing that the person who obtained some of them was affiliated with the Democratic Party and was not present to testify. The use of multiple databases highlights the absence of clear guidance from the Legislature about which voter registration list is reliable and should be used to challenge nominating petitions. Such guidance would be helpful in light of the expedited process for such challenges. Under the circumstances of this case, a review of the exhibits and the databases forming the bases of those exhibits was extremely difficult in the time allowed, as the district court noted. If both parties to a challenge were required to rely on one list of registered voters to identify valid and invalid signatures, litigation would be more efficient and reliable, both for the parties and the courts.

{16} **IT IS SO ORDERED.**