# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    NO. 28,990

**CRYSTAL CHAVARRIA,**

Defendant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellee


**MEMORANDUM OPINION**

**CASTILLO, Judge.**

The State appeals from an order dismissing the charges against Defendant for

the State's refusal to provide the name and address of an informant who bought drugs from Defendant. In this Court's notice of proposed summary disposition, we proposed to affirm on two alternative grounds: First, we proposed to conclude that the district court did not err in finding that the identity of the informant had already been disclosed such that the informant's privilege no longer applied under Rule 11-510(C)(1) NMRA. Second, we proposed to conclude that dismissal of the charges was appropriate under Rule 11-510(C)(2), since Defendant argued that the informant's identity and her prior interactions with the informant were relevant to an entrapment defense. The State has timely responded with a memorandum in opposition to this Court's proposed disposition. As we are not persuaded by the State's arguments, we affirm.

The State has failed to persuade this Court that the district court erred in finding that the confidential informant's identity had been disclosed by the informant and the State. As we noted in our notice of proposed summary disposition, this Court will defer to a district court's factual findings if they are supported by substantial evidence. *See State v. Rivera*, 2008-NMSC-056, ¶ 10, 144 N.M. 836, 192 P.3d 1213. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

In our notice, we indicated that it appeared that the evidence in support of the district court's finding included evidence that the confidential informant was present during two purchases of drugs from Defendant [RP 49] and that there was evidence that the confidential informant was already known to Defendant because the informant was a friend of Defendant's family [RP 82]. As Defendant was charged with selling methamphetamine on April 18, 2007 [RP 22], and as the affidavit in support of the warrant to arrest Defendant stated that the officer used the confidential informant to make a buy on that date [RP 26-27], we proposed to conclude that a reasonable mind might accept these facts as adequate to support a conclusion that Defendant knew that the family friend who was present at the purchase on April 18, 2007, was the confidential informant described in the warrant. *See State v. Chambers*, 103 N.M. 784, 785-87, 714 P.2d 588, 589-91 (Ct. App. 1986) (noting that where the confidential informant was the person who accompanied the police during the drug buy and where the informant was a friend of a friend, the evidence showed that the defendant already knew the identity of the confidential informant, such that the privilege did not apply). Therefore, we proposed to find no error in the district court's conclusion that the confidential informant's identity was not privileged under the exception contained in Rule 11-510(C)(1).

The State has responded that there was other evidence presented to the district

court that would support an inference that Defendant did not know the identity of the informant. [MIO 2-3] While we acknowledge that there was such evidence, on appeal this Court does not reweigh the evidence or substitute its judgment for that of the district court, and we will draw all reasonable inferences from the facts in favor of the district court's decision. *See Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 13, __ N.M. __, 196 P.3d 1286. As there were facts that would support an inference that the informant's identity had been disclosed by the State by the use of a friend of Defendant's family as an informant and by the discussion of the use of that informant in the affidavit, we hold that the district court did not err in finding that the informant's identity was not privileged under Rule 11-510(C)(1).

In this Court's notice, we pointed out that unlike Rule 11-510(C)(2), Rule 11-510(C)(1) does not contain an express provision permitting the district court to dismiss the case if a prosecutor refuses to comply with a court order to release the informant's name and address so that the defendant may interview the informant. However, we proposed to conclude that the district court would have the inherent authority to enforce its order in this manner once it determined that the information was not protected by a privilege and once the State affirmatively refused to follow the district court's order to release the informant's name and contact information. *See State v. Ericksen*, 94 N.M. 128, 131, 607 P.2d 666, 669 (Ct. App. 1980) (recognizing

4

a district court's inherent authority to control the case before it). The State has not made any legal argument or cited authority to specifically refute this analysis. Accordingly, we find no error in the district court's decision to dismiss the case as a sanction for a violation of Rule 11-510(C)(1). *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that there is a presumption of correctness in the district court's rulings and that an appellant has the burden of clearly demonstrating any claimed error); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Because we hold that the district court did not err in ordering that the charges against Defendant be dismissed as a sanction for the State's refusal to comply with the district court's order to release information that, pursuant to Rule 11-510(C)(1), was no longer subject to the privilege afforded by Rule 11-510(A), we need not address here the alternative ground for affirmance discussed in our notice. For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

          _____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**