This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF BLOOMFIELD,**

    Plaintiff-Appellee,

v.                               **NO.  32,011**

**DANNY KURINKO**,

    Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gerding & O'Loughlin, P.C.
T. Ryan Lane
Farmington, NM

for Appellee


Frederick D. Jones, Jr.
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant Danny Kurinko appeals his conviction for driving on a suspended or revoked license. He challenges the admission of certain documentary evidence and the sufficiency of the evidence in support of his conviction. As neither of these claims of error have merit, we affirm.

**Foundation for the Admission of Documentary Evidence**

{2} Kurinko contends that the district court erred in admitting certain documentary evidence that was provided by the Motor Vehicle Division of the State Department of Taxation and Revenue. We review the admission of evidence for an abuse of discretion. *Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 7, 145 N.M. 280, 196 P.3d 1286.

{3} Kurinko asserts that the documents were inadmissible under Rule 11-803(H) NMRA (2011, amended 2012) because no foundation had been laid for their admission. However, laying a foundation is generally unnecessary when introducing a public record into evidence "because a public official is presumed to properly perform his or her duty and because it is therefore more likely that the public record will be accurate." *Ruiz*, 2008-NMSC-063, ¶ 8. Here, the documents were certified by the director of the Motor Vehicle Division, and the certification was stamped with the seal of the State of New Mexico. In *State v. Padilla*, 1978-NMCA-060, ¶¶ 23-24, 92 N.M. 19, 582 P.2d 396, we held that documents that have been authenticated through the certification process necessarily have the proper foundation to establish

2

that they are evidence of the activities of the public body under Rule 11-803(H)(1). We therefore hold that the necessary foundation was laid for the admission of the documents.

{4}     Kurinko states in a single sentence, unsupported by any authority, that if a proper foundation were not laid, then the admission of the evidence would violate the right to confront the witnesses against him.  However, we have concluded that a proper foundation was laid.  As Kurinko makes no other argument based on the Confrontation Clause and does not explain why this evidence was testimonial so as to come within the clause's protections, he has failed to demonstrate error on this basis.

**Sufficiency of the Evidence**

{5}     Kurinko asserts that there was insufficient evidence that he knew or should have known that he was driving on a suspended or revoked license as required by NMSA 1978, Section 66-5-39(A) (1993, amended 2013).  "In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.  Viewing the evidence in this manner, we then "determine whether any rational jury could have found the essential facts to establish each

element of the crime beyond a reasonable doubt." *State v. Dowling*, 2011-NMSC-016, ¶ 20, 150 N.M. 110, 257 P.3d 930.

{6}     In a case involving driving on a revoked license, the defendant's knowledge of the revocation is generally proved by circumstantial evidence and reasonable inferences drawn from that evidence. *See State v. Herrera*, 1991-NMCA-005, ¶¶ 10, 20, 111 N.M. 560, 807 P.2d 744. Evidence that a defendant was mailed or otherwise provided with a notice of revocation will support a conviction, as will evidence that he refused to submit to a chemical test, since it is presumed that the arresting officer complied with the statute that requires that the arresting officer advise the defendant that the failure to submit to a chemical test will result in revocation. *Id.* ¶¶ 21-22.

{7}     At Kurinko's trial, the City of Bloomfield (City) presented a variety of evidence that supported a reasonable inference that Kurinko knew or should have known that his license had been revoked. The City introduced a revocation notice issued by the Motor Vehicle Division, which stated that the revocation was based on a "DWI Criminal Conviction." The notice stated that the revocation of Kurinko's license would begin on January 29, 2007, and continue for a minimum of a year. It explained that reinstatement of Kurinko's license would not be automatic and that the revocation would remain effective until all the requirements for reinstatement were met, including payment of a reinstatement fee. The notice stated that it was mailed on

March 7, 2007. The City also introduced a subsequent notice of revocation that was issued by the officer who arrested Kurinko in another drunk driving incident on April 18, 2009. This document stated that Kurinko refused to submit to chemical testing and that the arresting officer "personally served a copy" of the notice on Kurinko on that date. These documents provided circumstantial evidence that on two different occasions, as a consequence of two different drunk driving offenses, Kurinko was given notice that his license would be revoked. In addition, the officer who arrested Kurinko testified that when he informed Kurinko that his license had been revoked, it was the officer's opinion that Kurinko did not appear to be surprised. The officer also testified that Kurinko was carrying multiple licenses from several states, none of which was valid. The fact that Kurinko felt the need to carry multiple licenses with him provided additional circumstantial evidence that he was aware that he did not have a valid New Mexico license. *See* NMSA 1978, § 66-5-2(A)(2) (2007, amended 2013) (stating that in order to receive a New Mexico license, a person must either surrender all other state driver's licenses or provide an affidavit stating that he does not have any other license). Taking all of this evidence together and viewing it in the light most favorable to the City, we hold that the evidence was sufficient to support a conclusion that Kurinko actually knew or should have known that his license had been revoked.

**{8}** Accordingly, we affirm Kurinko's conviction for driving on a revoked or suspended license.

**{9}** **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**