This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANITA KATTERHEINRICH,**

Plaintiff-Appellant,

**v.**                                                                    **No. 32,855**

**JOSEPH CORDOVA,**

Defendant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**Sheri A. Raphaelson, District Judge**

James C. Kennedy III
Los Alamos, NM

for Appellant

Joseph Cordova
Espanola, NM

Pro Se Appellee


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Plaintiff appeals from the district court's order entering judgment in favor of Defendant and rejecting Plaintiff's breach of a contract claim involving the sale of a very used truck that Plaintiff purchased from Defendant "as is." We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has filed a response to our notice. We have considered Plaintiff's response and remain unpersuaded. We, therefore, affirm.

{2}     On appeal, Plaintiff challenges numerous findings of fact and conclusions of law entered by the district court relative to Plaintiff's claim that Defendant breached the contract for sale by fraudulently representing that the truck Plaintiff purchased from Defendant was in good working condition. [RP 14-15, DS 9-17] We review Plaintiff's claims for substantial evidence.

{3}     "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 13, 145 N.M. 280, 196 P.3d 1286 (internal quotation marks and citation omitted). "In accordance with the standard of review, when considering a claim of insufficiency of the evidence, the appellate court resolves all disputes of facts in favor of the successful party and indulges all reasonable inferences in support of the prevailing party." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. Therefore, "[t]he question is not whether substantial evidence

exists to support the opposite result, but rather whether such evidence supports the result reached." *Id*. In fact, we disregard evidence and inferences contrary to the result. *See Weidler v. Big J Enters.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089.

{4} Plaintiff complains that it was illogical for the district court to expressly find the explanation about the engine's failure from Plaintiff's experts and Defendant's testimony both credible and to then enter judgment in favor of Defendant. [MIO 1-7] The district court is free, however, to reject even uncontroverted testimony in whole or in part. *See Sanchez v. Molycorp, Inc.*, 1985-NMCA-067, ¶ 21, 103 N.M. 148, 703 P.2d 925 ("[T]he opinions of an expert even where uncontradicted, are not conclusive on facts in issue and the fact finder may reject such opinion in whole or in part."). We can imagine several ways in which the district court could have reconciled the conflicting testimony, which might include the following, for example: it could reject any expert testimony about the condition of the vehicle at the time of purchase before they inspected the vehicle; the expert testimony did not definitely resolve all matters; it could find any witness credible without adopting the conclusion reached; it could accept that taking care of a vehicle and not having trouble with a vehicle can be subjective concepts; and it could believe that the truck was in "good working order" when purchased and that there are various meanings of "good working order." As we stated in our notice, "only the trier of facts may weigh the testimony, determine the

credibility of witnesses, reconcile inconsistent or contradictory [testimony], and say where the truth lies." *Mascarenas v. Jaramillo*, 1991-NMSC-014, ¶ 6, 111 N.M. 410, 806 P.2d 59. The district court found that Defendant did not intentionally misrepresent the condition of the truck, which is supported by the evidence that Defendant did not restrict any inspection prior to purchase, which was a week after Plaintiff first viewed the vehicle; Plaintiff had a co-worker with knowledge of similar vehicles inspect the vehicle; the crack in the engine was not immediately apparent and it worsened after Plaintiff bought it; Defendant went with Plaintiff on a test drive; Defendant purchased the vehicle used; Defendant sold the truck because he had too many vehicles; and the district court found Defendant credible. [RP 44, 49-50, 53] This evidence is adequate to support a finding against fraud. And we will not reweigh the evidence on appeal.

{5} As stated in our notice, the district court's role was to decide whether Plaintiff established that Defendant breached the contract. The district court ruled that because the contract was made between private parties for the sale of the truck "as is," and having found that Defendant did not intentionally misrepresent the condition of the truck, the remaining contract terms – the sale price, the transfer of title, and the mileage disclosure in the certificate of title – were satisfied. [RP 54-55] Accordingly, we proposed to hold that the district court did not err in rejecting Plaintiff's claim of breach.

{6} In response to this portion of our proposed analysis, Plaintiff claims that Defendant's representations that the truck was in "good working order" modified the sale of the truck "as is" under the Uniform Commercial Code and constituted an express warranty. [MIO 10] Whether an express warranty was created by an oral statement from the seller is a fact question. *See Lovington Cattle Feeders, Inc. v. Abbott Labs.*, 1982-NMSC-027, ¶ 11, 97 N.M. 564, 642 P.2d 167. "It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." *Id.* ¶ 10.

{7} The district court ruled that the terms of the written agreement for sale executed by the parties controlled the transaction, and included the vehicle description, the date of sale, the names and addresses of the seller and purchaser, the odometer reading, the sale price, and the representation that there were no liens or encumbrances on the vehicle. [RP 50] The district court rejected any claim that Defendant's statement constituted an express warranty and noted that the Lemon Law protections do not apply in private party sales. [RP 54] We cannot disagree with the district court's conclusion that Defendant's statement that the vehicle was in "good working order"

did not constitute an express warranty. Plaintiff indicates no evidence that Defendant was in the regular business of selling used cars or was a professional mechanic; Defendant explained how he had successfully used the vehicle in the past, suggesting that he was offering an opinion based on his experience; the vehicle was operational at the time of sale; Defendant advertised the vehicle for sale "as is," listed at $3,500; and there is no other indication that Defendant made an "affirmation of fact" that the vehicle would carry a warranty contrary to the "as is" advertisement and clear contract terms. *See id.* ¶¶ 10-11.

{8}     For the reasons stated above and in our notice, we affirm the district court's judgment in favor of Defendant.

{9}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**J. MILES HANISEE, Judge**