This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                     **No. 36,128**

**BRIANNA GURULE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     The State appeals from the district court's order granting in part Defendant's

motion to exclude certain evidence. *See* NMSA 1978, § 39-3-3(B)(2) (1972) (allowing

the State to take an appeal from a district court order excluding evidence). This Court issued a notice of proposed disposition in which we proposed to affirm. The State has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2} The State raises two issues on appeal: (1) whether the district court erred in excluding the results of a rapid urine drug screen; and (2) whether the district court erred in excluding X-rays. [DS 6] In our calendar notice, we noted that it did not appear from the record or from the State's docketing statement that an offer of proof was made as to the excluded evidence. [CN 2] We suggested that in the absence of an offer of proof, we were not convinced that the exclusion of evidence was preserved for appeal. [CN 2-3] *See* Rule 11-103(A)(2) NMRA (stating that "a party may claim error in a ruling to exclude evidence only if the error affects a substantial right of the party and . . . the party informs the court of its substance by an offer of proof, unless the substance was apparent from the context"); *State v. Rosales*, 2004-NMSC-022, ¶ 19, 136 N.M. 25, 94 P.3d 768 ("[T]he offer of proof must be sufficiently specific to allow the district court to determine in the first instance whether the evidence is admissible and to allow appellate courts in the second instance to review the determination made by the district court."). Therefore, based on the facts as laid out in the State's docketing statement, we proposed to conclude in our calendar notice that

the State had not met its burden on appeal to demonstrate error on the part of the district court in excluding the evidence at issue, where the alleged errors were not preserved by an offer of proof. [CN 3-4] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

{3}     In response to this Court's notice of proposed disposition, the State asserts that the substance of the evidence and the grounds for its admissibility were explained to, and understood by the district court, and that consequently, an offer of proof was indeed made. [MIO 1] As best we can gather from the State's memorandum in opposition—which includes information obtained from a transcript of the hearing on Defendant's motion in limine [MIO 3]—and from the district court's exclusion order, the district court appears to have had evidentiary concerns with respect to foundation, confrontation, and prejudice for both the X-rays and the rapid drug screening results. [MIO 3-4; RP 172; CN 3] According to the State, these concerns—particularly the foundational concerns—would have been alleviated by the testimony of the two treating physicians, and it appears that the State made this argument to the district court both in its response to Defendant's motion in limine, as well as during the

hearing on the motion. [MIO 2-4] The State also appears to have indicated to the district court that the physicians were available to testify. [MIO 8]

{4} There is no indication, though, that either witness actually testified during the hearing, and the State in fact asserts that "the district court excluded the evidence without even hearing the physicians' testimony." [MIO 8] While this may be true, it does not appear that the State requested to make an offer of proof at the hearing through the testimony of the physicians, *see* Rule 11-103(C) ("The court may direct that an offer of proof be made in question-and-answer form."), nor does it appear that the State marked and tendered the X-rays as an exhibit. Further, there is no indication that the State requested that the district court reserve ruling on its evidentiary concerns until the physicians testified at trial. In the absence of a refusal by the district court to allow testimony or to allow the X-rays to be marked for review, we are not convinced that the district court erred with respect to the offer of proof. *See State v. Aragon*, 1993-NMCA-076, ¶ 9, 116 N.M. 291, 861 P.2d 972 (holding that where a defendant argued that a foundation for polygraph evidence could be laid by a witness and where the defendant asked to put the witness on the stand to make an offer of proof as to what he would have testified to had his testimony been allowed, it was an "abuse of discretion to exclude the polygraph evidence without permitting [the d]efendant's

offer of proof or listening to the tape of the pre-test interview"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.

{5}     This case illustrates the importance of making an adequate offer of proof. In the first instance, there is a possibility that the district court would have reconsidered its exclusion rulings after hearing testimony from the physicians and reviewing the X-rays. Second, such information is crucial to our review on appeal. Because the State failed to make a sufficient offer of proof here, we are left with an incomplete record on which to apply our standard of review. *See Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 7, 145 N.M. 280, 196 P.3d 1286 (stating that we review a district court's admission or exclusion of evidence under an abuse of discretion standard). For instance, we do not have any record of what "information" was on the X-rays, nor do we have any substantive testimony about how that information would tie the X-rays to the victim. [*See* MIO 8 ("The physicians were available to explain how the urine test and X-rays could be tied to [the victim], such as by the information put on the X-ray by the technician, on which doctors rely.")] Instead, we simply have before us a proffer that the physicians could lay an appropriate foundation. We also do not have any testimony with respect to the purpose of the urine test or with respect to how the physicians would establish a chain of custody and a foundation for the admission of the test results, other than the general—and conclusory—proffer that they could do

so. Therefore, we conclude that the State did not make an offer of proof that preserved error for appellate review such that we could determine whether the district court abused its discretion, *see State v. Fernandez*, 1994-NMCA-056, ¶ 43, 117 N.M. 673, 875 P.2d 1104 ("An offer of proof stated in mere conclusory terms is too general and should be rejected."), and we decline to consider the State's substantive arguments with respect to the district court's exclusion rulings. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

{6}	Accordingly, for these reasons, as well as for the reasons contained within our notice of proposed disposition, we affirm.

{7}	**IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**JULIE J. VARGAS, Judge**