This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38135**

**KENNETH GOFF,**

 Plaintiff-Appellant,

v.

**DEVIN GNEITING, MOUNTAIN VIEW DENTAL, and JANE/JOHN DOES 1-5,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

The Law Office of Jason S. Montclare
Jason S. Montclare
Alamogordo, NM

for Appellant

Hinkle Shanor LLP
Kathleen M. Wilson
Hari-Amrit Khalsa
Benjamin F. Fuechter
Albuquerque, NM

for Appellee Devin Gneiting

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Plaintiff appeals from a district court order dismissing his dental malpractice complaint. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. Defendant Devin Gneiting has filed a memorandum in support. We affirm.

**{2}** Plaintiff continues to challenge the dismissal of his complaint for failure to comply with discovery deadlines relating to the disclosure of an expert witness. [MIO 2] *See Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 51, 388 P.3d 998 (holding that Rule 1-037(B) NMRA bestows on the district court authority to grant and enforce sanctions for discovery violations, and reviewing for an abuse of discretion the district court's sanction excluding of the testimony of an expert witness who had not been properly disclosed). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 7, 145 N.M. 280, 196 P.3d 1286 (internal quotation marks and citation omitted).

**{3}** Here, Plaintiff's complaint alleged medical malpractice. [RP 1] Generally, expert testimony is required in medical malpractice cases "to establish (1) the standard of care, treatment, and information by which the actions of the [medical provider] are to be judged; (2) the manner in which [it] measures up to the standard, and (3) whether [its] alleged acts were the proximate cause of the injuries complained of." *Henning v. Parsons*, 1980-NMCA-131, ¶ 9, 95 N.M. 454, 623 P.2d 574.

**{4}** Plaintiff's complaint was filed on July 24, 2017. [RP 1] A February 7, 2018 scheduling order required Plaintiff to disclose his expert witness by September 1, 2018. [RP 39] On September 13, 2018, Defendants filed a motion for summary judgment based on Plaintiff's failure to timely disclose an expert witness. [RP 78] At the October 19, 2018 hearing on the motion, Plaintiff informed the court that he had located an expert, but payment issues were preventing disclosure. [RP 270, FOF No. 6] The district court then extended the deadline for disclosure until October 31, 2018. [RP 270, FOF No. 7] On October 24, 2018, Defendant provided the name and address of his expert, but did not provide "the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion[,]" as required by Rule 1-026(B)(6)(a) NMRA.

**{5}** Although Plaintiff has argued that he satisfied the scheduling order by simply providing a name and address of a dentist, Rule 1-026(B)(6)(a) defined the scope of his duty to disclose under these circumstances. Simply providing a name, credentials, and an address does not satisfy Rule 1-026(B)(6)(a) , and we do not read the district court's language to adopt a more limited burden of production.

**{6}** "Adherence to such scheduling orders [is] critical in maintaining the integrity of judicial proceedings." *Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 28, 127 N.M. 446, 982 P.2d 497 (internal quotation marks and citation omitted). Moreover, Rule 1-037(B)(2)(b) provides that "if a party fails to obey an order under Rule 1-026 . . ., the court in which the action is pending may . . . prohibit[ ] that party from introducing designated matters in evidence[.]" Accordingly, this Court has recognized that failure to comply with expert disclosure requirements is "sufficient grounds to exclude expert witness testimony." *Allred*, 2017-NMCA-019, ¶ 47. In light of the fact that the district court had already extended the deadline to satisfy adequate disclosure of an expert witness, it acted

within its discretion in excluding the expert and, in the absence of a qualified expert to pursue Plaintiff's claims, in dismissing the complaint.

**{7}** Plaintiff claims that the district court erred in dismissing the complaint prior to the end of discovery on matters other than the disclosure of his expert. [MIO 2] However, as noted above, Plaintiff's complaint required him to have an expert to prove his claims. Because the expert had been excluded, there was no need for any other non-expert related discovery.

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**