This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39699**

**HEATHER J. TECHAU,**

Petitioner-Appellee,

v.

**JASON E. WALKER,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Daniel A. Bryant, District Court Judge**

Erinna Marie Atkins
Alamogordo, NM

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Jocelyn Drennan
Albuquerque, NM

for Appellee

Cordell Law, LLP
Linda L. Ellison
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Father appeals the district court's denial of his motion for order to show cause. He argues that the district court erroneously found that Mother did not violate the parties' various child custody orders, and thereby erred in failing to award Father attorney fees and reimbursement for travel expenses incurred while visiting the parties'

then minor child (Daughter). Father also claims that the district court should not have denied admission of a summary exhibit at the hearing on the motion for order to show cause. We affirm.

**DISCUSSION**

**I.      The District Court Did Not Abuse Its Discretion in Denying Father's Motion for Order to Show Cause**

{2}      Father filed a motion for order to show cause asking the district court to find that Mother had violated various child custody orders. Father argued that Mother had violated several terms in the parties' previous custody orders; in particular, the following:

> [Father] will be able to maintain the same visitation schedule he currently has and the relationship between [Daughter] and [Father] will not be adversely affected by the relocation to Las Vegas, Nevada.
>
> . . . .
>
> [Mother] is required to make the child available for visits with [Father], and the child does not have veto power over court ordered visits.
>
> . . . .
>
> [Mother] shall be required to bear the expense of travel for [Daughter] to travel to visit [Father].

{3}      Father argued that Mother had "actively interfered with the timesharing, undermined the timesharing by scheduling other events, or left the matter of timesharing totally up to [Daughter] and this has resulted in Father missing many of his court ordered periods of responsibility." Father continued, "[g]iven [Mother's] complete failure to comply with sending [Daughter] for timesharing, Father made trips to Las Vegas, Nevada to exercise his timesharing. Father should be reimbursed his travel expenses including flights and/or mileage, any rental car expense, and lodging [to] exercise timesharing." Father also requested attorney fees associated with the motion.

{4}      Following an evidentiary hearing on the motion, the district court declined to hold Mother in contempt, concluding that Mother had reasonably fulfilled the requirement to make Daughter available for visits with Father. The district court observed that "[t]here is no Court Order or anywhere that requires [Mother] to pay for flights for [Daughter] in order to visit [Father]," and that "[Mother] had made reasonable accommodations to pay for [Daughter]'s travel between Las Vegas and Phoenix by purchasing a Jeep, making sure that it was well-maintained, paying for fuel for the trips and offering to accompany [Daughter] on the trips." According to the order, "[Father] did not like that and chose, on occasions, to fly [Daughter] to and from Phoenix."

**{5}** As for the visitation schedule, the district court noted that Daughter and Father made arrangements for visitation directly and that they often accommodated conflicts in Daughter's schedule that arose due to her interests, aspirations, responsibilities, and desires except for on one occasion. Child was a teenager at the time and had turned eighteen before the hearing in this matter. The district court found that "[t]he record in this matter does not establish that [Daughter] in this case was exercising unfettered veto power over visitation." The court also found that Father had not timely notified Mother that he had an issue as to the travel costs and had not sought to resolve the dispute via mediation before seeking court intervention, as required by the February 13, 2017 order regarding custody and visitation—one of the very orders Father alleged Mother had violated in his motion for order to show cause.

**{6}** On appeal, Father argues that the district court erred in not finding Mother in contempt. In a proceeding to determine whether there has been a violation of a child custody order, "[a] trial court has wide discretion in determining whether to hold a person in contempt." *See Ingalls v. Ingalls*, 1994-NMCA-148, ¶ 14, 119 N.M. 85, 888 P.2d 967. We conclude the district court did not abuse its discretion in refusing to hold Mother in contempt because the court found that Mother had reasonably complied with the requirements of the court's child support order, and substantial evidence supports that determination. *See id.*; *see also Clayton v. Trotter*, 1990-NMCA-078, ¶ 5, 110 N.M. 369, 796 P.2d 262 (noting that we review a district court's order for an abuse of discretion and uphold its findings when supported by substantial evidence).

**{7}** At the hearing on the motion, Father, Mother, and Daughter testified about how they had arranged visitation. Father admitted that Mother had not agreed to pay or reimburse him for travel costs. He also acknowledged that, under the previous child custody order, Mother was only responsible for paying Daughter's travel expenses to visit him. Finally, Father recognized that Daughter had traveled to see him even when she had not wanted to visit.

**{8}** Mother, in turn, acknowledged that she had to pay for Daughter to visit Father. Mother testified that she could not afford flights, but stated that she had purchased a Jeep, paid for insurance, registration, maintenance, and fuel, and offered to drive to Phoenix with Daughter to see other family and friends while Daughter visited Father. Mother also testified she had persuaded Daughter to visit Father at times when Daughter did not wish to travel to Phoenix. Daughter confirmed that Mother had required her to visit Father even when she wished otherwise, and that Mother had never denied her money for travel to visit Father. In addition to the testimony of the parties, the district court admitted emails between Father and Mother detailing Daughter's missed trips to Phoenix and Mother's reassurance that Daughter would be available for visits and Mother would provide resources for her travel.

**{9}** Father does not directly challenge the district court's findings regarding Mother's reasonable efforts to facilitate visitation, but points instead to his own testimony as evidence that Mother had "interfered with the timesharing, undermined the timesharing by scheduling other events thereby making [Daughter] unavailable, or left the matter of

timesharing totally up to [Daughter] to work out directly with [Father]." Notwithstanding this, it was for the district court to weigh the evidence and, as discussed above, the evidence presented at the hearing supports the district court's ultimate finding that Mother had not violated the custody orders. Mother made Daughter available for visits, provided the means for Daughter to travel when she desired, encouraged Daughter to visit Father even when she did not want to, and demonstrated that Daughter did not exercise unrestricted veto power. Consequently, the district court did not abuse its discretion in denying Father's motion for order to show cause.

**{10}**   As for Father's request for reimbursement for expenses he incurred in exercising timesharing, the district court noted at the hearing that there was no basis in any of the prior court orders for requiring Mother to reimburse Father for his travel costs. Given this and the fact that Mother ultimately prevailed below, we perceive no abuse of discretion in the district court's decision to deny Father's request for reimbursement or in the court's ruling that Father will be responsible for his own attorney fees. *See Corliss v. Corliss*, 1976-NMSC-023, ¶ 15, 89 N.M. 235, 549 P.2d 1070 ("The matter of attorney's fees also lies within the discretion of the court."). For the foregoing reasons, we affirm the district court's denial of Father's motion for order to show cause and denial of Father's request for costs and attorney fees.

## II.    The District Court Did Not Abuse its Discretion in Refusing to Admit Father's Summary Exhibit

**{11}**   At the hearing on the motion for order to show cause, Father attempted to admit a summary exhibit detailing the travel expenses he alleged he incurred while visiting Daughter. The district court denied admission because Father had not provided Mother with the summary evidence in advance of the hearing. Father contends the district court erred in its ruling.

**{12}**   "The admission or exclusion of evidence is reviewed for an abuse of discretion." *Ruiz v. Vigil-Giron*, 2008-NMSC-063, ¶ 7, 145 N.M 280, 196 P.3d 1286. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

**{13}**   Summary exhibits are governed by Rule 11-1006 NMRA, which states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. *The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.* The court may order the proponent to produce them in court.

(Emphasis added.) At the hearing, the district court explained that "[t]he whole point of [the rule] is to allow counsel on the other side an opportunity to be adequately prepared to cross-examine the witness." Father's counsel proposed a recess for Mother's counsel to review the evidence but the district court countered that it would be too difficult for opposing counsel "to try to do that kind of assessment, evaluation, and investigation in the context of a two-hour hearing on a Monday afternoon." Mother's counsel also noted that Father had ample time to produce the evidence prior to the hearing, but had failed to do so. Additionally, Mother's counsel objected to a continuance because Daughter was preparing to enter the military and might not have been available for a future hearing.

**{14}** The district court took careful measure of the parties' actions and statements before denying admission of the summary exhibit. The district court noted that the decision was within its discretion and that it had to "look at what's going on and weigh and balance the due process rights of each party." Furthermore, the district court ultimately allowed Father to testify at length about the alleged travel expenses he sought to recover. As such, we fail to see how exclusion of his summary exhibit resulted in an abuse of discretion, much less in prejudice to Father. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 39, 146 N.M 698, 213 P.3d 1127 ("If evidence is erroneously admitted or excluded, the complaining party must show prejudice to obtain a reversal.").

**CONCLUSION**

**{15}** For the forgoing reasons, we affirm.

**{16} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**